| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | :    1:13CR351-1 |
| RONALD CHRISTOPHER HAIRSTON | : |

The United States Attorney charges:

## COUNT ONE

### GENERAL ALLEGATIONS

1. At all times material to this Information, RONALD CHRISTOPHER HAIRSTON was a resident of Greensboro, Guilford County, in the Middle District of North Carolina.

2. At all times material herein to this Information, Nothing But Taxes ("NBT") was a tax preparation firm with branches in various locations in the Middle District of North Carolina, including a branch in Greensboro, North Carolina. At all times material herein, RONALD CHRISTOPHER HAIRSTON was not on the payroll of NBT, but maintained a desk at NBT in Greensboro, North Carolina, as if he were an employee. RONALD CHRISTOPHER HAIRSTON also recruited clients for NBT, prepared and assisted in the preparation of tax returns for NBT clients, and maintained lists of stolen identities to be used as false dependents on tax returns prepared at NBT's Greensboro office.

3. From on or about January 1, 2009, continuing up to and

including on or about May 1, 2011, the exact dates unknown, in the County of Guilford, in the Middle District of North Carolina, and elsewhere, RONALD CHRISTOPHER HAIRSTON and divers other persons, known and unknown, did devise and intend to devise a scheme and artifice to defraud the government and to obtain money from the United States by means of false and fraudulent pretenses, representations, and promises, specifically by preparing and electronically filing with the Internal Revenue Service ("IRS") tax returns on behalf of NBT clients, which tax returns RONALD CHRISTOPHER HAIRSTON then well knew to be false. These false tax returns, prepared by RONALD CHRISTOPHER HAIRSTON and filed electronically by other NBT employees, included false deductions and claimed exemptions and credits based on false dependents that the client was not entitled to claim. As a result, as RONALD CHRISTOPHER HAIRSTON then well knew, the fraudulent returns caused the IRS to issue inflated tax refunds to which the NBT clients were not entitled, and from which RONALD CHRISTOPHER HAIRSTON claimed a large fee.

SCHEME AND ARTIFICE

4. It was part of the scheme and artifice to defraud that RONALD CHRISTOPHER HAIRSTON and divers other persons, known and unknown, unlawfully obtained means of identification of other people, including their names, dates of birth, and Social Security numbers.

5. It was a further part of the scheme and artifice to defraud that RONALD CHRISTOPHER HAIRSTON offered NBT clients a large tax refund in return for a cash fee.

6. It was a further part of the scheme and artifice to defraud that RONALD CHRISTOPHER HAIRSTON and divers other persons, known and unknown, added false material items to tax returns prepared for clients at the NBT branch in Greensboro, North Carolina, for the purpose of fraudulently inflating the amount of the refund returned to the client. Such false material items included, among other things, false dependents, false education credits, and false Earned Income Tax Credits.

7. It was a further part of the scheme and artifice to defraud that RONALD CHRISTOPHER HAIRSTON and divers other persons, known and unknown, used the means of identification described in paragraph 4 above to claim false dependents on tax returns prepared for NBT clients at the NBT branch in Greensboro, North Carolina.

8. It was a further part of the scheme and artifice to defraud that RONALD CHRISTOPHER HAIRSTON solicited other tax return preparers at NBT's Greensboro branch to complete falsified tax returns for clients that HAIRSTON recruited for NBT.

9. It was a further part of the scheme and artifice to defraud that RONALD CHRISTOPHER HAIRSTON and divers other

3

persons, known and unknown, transmitted and caused to be transmitted via electronic wire communications from the NBT branch in Greensboro, North Carolina, the tax returns that HAIRSTON prepared and caused to be prepared.

10. It was a further part of the scheme and artifice to defraud that the fraudulent tax returns would be transmitted first to a software company in Asheville, North Carolina, and then filed with an IRS Service Center outside of the State of North Carolina, all for the purpose of obtaining the falsely inflated income tax refund.

11. It was a further part of the scheme and artifice to defraud that RONALD CHRISTOPHER HAIRSTON knew that, upon IRS approval of the fraudulent returns, the proceeds of the fraudulently inflated refunds would be paid to a bank by the IRS. The bank would deduct a standard preparation fee for NBT from the refunds and then authorize checks in the name of the NBT customers.

12. It was a further part of the scheme and artifice to defraud that RONALD CHRISTOPHER HAIRSTON directed that NBT clients pay RONALD CHRISTOPHER HAIRSTON a further cash fee up to $1,200 per fraudulent return. RONALD CHRISTOPHER HAIRSTON did not inform his NBT clients that a separate preparation fee had already been deducted from their refunds.

4

Case 1:13-cr-00351-CCE   Document 1   Filed 09/20/13   Page 4 of 7

13. It was a further part of the scheme and artifice to defraud that RONALD CHRISTOPHER HAIRSTON and divers other persons, known and unknown, required that NBT customers cash their refund or rapid refund loan checks and immediately pay RONALD CHRISTOPHER HAIRSTON his fee for preparation of the fraudulent tax returns.

14. It was a further part of the scheme and artifice to defraud that RONALD CHRISTOPHER HAIRSTON and divers other persons, known and unknown, required that NBT clients be escorted to a bank or check-cashing business by him or an employee of NBT, who would then collect RONALD CHRISTOPHER HAIRSTON's cash fee from the NBT customer as soon as the refund or rapid refund loan checks had been cashed. The NBT escort would then return the cash to RONALD CHRISTOPHER HAIRSTON at the NBT office.

15. It was a further part of the scheme and artifice to defraud that RONALD CHRISTOPHER HAIRSTON escorted clients of other tax return preparers at NBT's Greensboro location to cash their refund checks, in order to ensure prompt payment of any side cash payments owed to the other NBT tax return preparers.

### STATUTORY ALLEGATIONS

16. On or about February 5, 2009, in the County of Guilford, in the Middle District of North Carolina, RONALD CHRISTOPHER HAIRSTON, for the purpose of executing the aforesaid

5

scheme and artifice to defraud, and attempting to do so, knowingly transmitted and cause to be transmitted by means of wire communications in interstate commerce from Guilford County in the Middle District of North Carolina to an IRS Service Center located outside of the State of North Carolina, certain writings, signs, signals, and sounds, that is, an electronically transmitted U.S. Individual Income Tax Return, Form 1040A, for a taxpayer whose initials are J.J. for calendar year 2008.

All in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT TWO

On or about February 5, 2009, in the County of Guilford, in the Middle District of North Carolina, RONALD CHRISTOPHER HAIRSTON, during and in relation to a felony enumerated in Title 18, United States Code, 1028A(c), to wit: wire fraud, in violation of Title 18, United States Code, Section 1343, as alleged in Count One and incorporated by reference herein, knowingly possessed and used, without lawful authority, a means of identification of another person, that is, the name and Social Security number of a person whose initials are W.S.; in violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT THREE

On or about February 5, 2009, in the County of Guilford, in the Middle District of North Carolina, RONALD CHRISTOPHER

HAIRSTON did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation under the Internal Revenue laws of a U.S. Individual Income Tax Return, Form 1040A, for calendar year 2008, for a taxpayer whose initials are J.J., that was false and fraudulent as to a material matter, in that it represented that J.J. was entitled to claim an exemption for a dependent whose initials are W.S., and to claim a tax credit based on educational expenses of $1,800, when in truth and in fact, as RONALD CHRISTOPHER HAIRSTON then well knew, J.J. did not have a dependent whose initials were W.S. and did not incur educational expenses in the amount claimed; in violation of Title 26, United States Code, Section 7206(2).

_____
FRANK J. CHUT, JR.
ASSISTANT UNITED STATES ATTORNEY

_____
JONATHAN R. MARX
TRIAL ATTORNEY

_____
RIPLEY RAND
UNITED STATES ATTORNEY